1

2

3

4

5

6

7

8                     **UNITED STATES DISTRICT COURT**

9                     **CENTRAL DISTRICT OF CALIFORNIA**

10                            **EASTERN DIVISION**

11 **NEIL CURTIS ROBINSON,**                 )
                                             )
12                        **Plaintiff,**     )     **Case  No. EDCV 12-00685 AJW**
                                             )
13            **v.**                         )     **MEMORANDUM OF DECISION**
                                             )
14 **MICHAEL J. ASTRUE,**                    )
   **Commissioner of the Social**            )
15 **Security Administration,**              )
                                             )
16                        **Defendant.**     )
   _____ )

17

18        Plaintiff filed this action seeking reversal of the decision of the defendant, the Commissioner of the

19 Social Security Administration (the "Commissioner"), denying plaintiff's application for supplemental

20 security income ("SSI") benefits. The parties have filed a Joint Stipulation ("JS") setting forth their

21 contentions with respect to each disputed issue.

22                            **Administrative Proceedings**

23        The parties have stipulated to the procedural facts. [JS 2].  Plaintiff protectively filed an application

24 for SSI benefits on May 31, 2007 alleging that he had been disabled since March 31, 2003 due to a disorder

25 of the lumbar spine and left knee, a mood disorder, anti-social personality disorder, and a history of alcohol

26 abuse and dependence. [JS 2].  After an administrative law judge ("ALJ") issued a written hearing decision

27 finding plaintiff not disabled, the Appeals Council issued an order remanding the case. [Administrative

28 Record ("AR") 84-91, 96-102].  Following a supplemental hearing, a different ALJ issued a new decision

dated November 5, 2010 concluding that plaintiff was not disabled. [AR 14-24]. The Appeals Council denied plaintiff's request for review of that decision. [JS 2].

**Standard of Review**

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)(internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Soc. Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).

**Discussion**

**Compliance with remand order**

Plaintiff contends that the ALJ failed to comply with the Appeals Council's remand order and failed to remedy the defects identified by the Appeals Council, warranting reversal of the decision denying benefits. [JS 3-10].

The Appeals Council concluded that the ALJ erred in finding that plaintiff was not disabled at step four of the sequential evaluation procedure because he could perform his past relevant work as an automobile mechanic, marine mechanic, trailer mechanic I, and automobile detailer. The Appeals Council found that the all three mechanic jobs were skilled or semi-skilled, and therefore exceeded plaintiff's RFC for "simple, repetitive tasks that do not involve working with the public." The Appeals Council determined that the job of automobile detailer did not constitute past relevant work because plaintiff did not perform it at the substantial gainful activity level. [AR 98]. The Appeals Council concluded that "[v]ocational expert evidence is needed." [AR 98]. It directed the ALJ to give "further consideration to the nature and severity

1   of [plaintiff's] impairments," "provide rationale for the conclusions reached," and "obtain evidence from

2   a vocational expert to determine whether or not jobs exist in significant numbers that [plaintiff] can perform

3   within his residual functional capacity." [AR 98-99]. The Appeals Council also ordered the ALJ to offer

4   plaintiff a new hearing, take any further action needed to complete the administrative record, and issue a

5   new decision. [AR 99].

6        After conducting a new hearing on remand, the ALJ issued a new decision finding that plaintiff

7   could perform medium work and was limited to "simple, routine, repetitive, nonpublic tasks." [AR 18].

8   Based on the testimony of a vocational expert, the ALJ found that plaintiff was not disabled because his

9   residual functional capacity ("RFC") did not preclude performance of his past relevant work an auto

10  mechanic and auto detailer. [AR 23].  Alternatively, the ALJ found that plaintiff was not disabled at step

11  five of the sequential evaluation procedure because jobs within plaintiff's RFC exist in significant numbers

12  in the national economy. [AR 23].     Plaintiff contends that the ALJ "disregarded the findings made by the

13  Appeals Council in its remand order that Plaintiff cannot perform his past relevant work of auto mechanic

14  and that Plaintiff's past job of auto detailer is not [substantial gainful activity]."   [JS 10].

15       The ALJ "shall take any action that is ordered by the Appeals Council and may take any additional

16  action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. §§ 404.977(b),

17  416.1477(b); see Ruiz v. Apfel, 24 F.Supp.2d 1045, 1050 n.7 (C.D. Cal. 1998) (noting that the ALJ is bound

18  to follow the Appeal Council's remand order and may not take any additional action inconsistent with it).

19  Plaintiff's argument that the ALJ failed to comply with the remand order lacks merit.  The ALJ conducted

20  a new hearing, obtained testimony from a vocational expert regarding plaintiff's past relevant work and

21  alternative work, and issued a new decision providing a rationale for his conclusions concerning, among

22  other things, the nature and severity of plaintiff's limitations.  Furthermore, the Appeals Council denied

23  plaintiff's request for review of the ALJ's decision, saying that it "found no reason under our rules" to

24  review it. [AR 1-3].  Cf. Steahr v. Apfel, 151 F.3d 1124, 1125-26 (8th Cir. 1998) (deferring to the district

25  court's affirmance of the ALJ's decision on remand because the court "knew its original intent in remanding

26  the case, and we will defer to the [court's] construction of its own order").

27       Irrespective of whether the ALJ complied with the Appeals Council's remand order, the issue before

28  the Court in this action for judicial review is whether the ALJ's decision is based on substantial evidence

1  and is free of legal error.  Cf.  Strauss v. Comm'r of the Social Sec. Admin., 635 F.3d 1135, 1137 (9th Cir.

2  2011) (holding that the district court erred in awarding benefits for failure to follow its remand order without

3  determining whether the claimant was disabled).  Plaintiff contends that the job of auto mechanic "requires

4  mental demands that are in excess of" his RFC, and that his past job as an auto detailer cannot be considered

5  past relevant work because it was not substantial gainful activity. [JS 9].

6        Even assuming the ALJ committed reversible error in finding plaintiff disabled at step four, that

7  error is harmless because the ALJ made an alternative step five finding that plaintiff can perform alternative

8  jobs available in significant numbers in the national economy.  Based on the testimony of the vocational

9  expert,

10  who described his testimony as consistent with the Dictionary of Occupational Titles ("DOT"), the ALJ

11  found that plaintiff's RFC did not preclude him from performing alternative jobs that exist in significant

12  numbers in the national economy.  The representative jobs identified by the vocational expert and by the

13  ALJ in his decision were hand packager, Dictionary of Occupational Titles ("DOT") job number 920.587-

14  018; cleaner/housekeeper, DOT job number 323.687-010; and packer operator, DOT job number 920.685-

15  082. The vocational expert's testimony constitutes substantial evidence supporting the ALJ's determination

16  at step five, and plaintiff does not challenge that finding.  See Tommasetti v. Astrue, 533 F.3d 1035, 1042-

17  1043 (9th Cir. 2008) (9th Cir. 2008) (holding that the ALJ's error at step four was harmless where the ALJ

18  made an alternative finding of non-disability at step five based on the testimony of a vocational expert).

19  **Conclusion**

20        The Commissioner's decision is supported by substantial evidence and is free of legal error.

21  Accordingly, the Commissioner's decision is **affirmed.**

22  **IT IS SO ORDERED.**

23

24  February 1, 2013

25

26      ANDREW J. WISTRICH
    United States Magistrate Judge

27

28

4